## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **OSHA NATIONS TRUMP,** | ) | **CASE NO. 1:13 CV 1880** |
| (*also known as Nathaniel J. Mahoney*), | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CLEVELAND OHIO COURTS, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff Osha Nations Trump (a.k.a., Nathaniel J. Mahoney) filed the above captioned action against the Cleveland, Ohio courts, the Wyoming Courts (Casper), and Microsoft. The complaint is rambling and incoherent, but it appears that plaintiff is alleging defendants stole money from him. Plaintiff has also filed a motion to proceed *in forma pauperis*. For the reasons that follow, that motion is granted and this action is dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. § 1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled

to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Id.* at 1278.  To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . .  transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.* at 1278.  Dismissal is appropriate "when the facts alleged rise to the level of the irrational or wholly incredible . . . ."  *Denton v. Hernandez*, 504 U.S. 25 (1992).  Even given the most liberal construction, the complaint does not contain allegations remotely suggesting plaintiff might have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction.  This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see, Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *see also, In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

Accordingly, for the forgoing reasons, plaintiff's motion to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

   /s/Donald C. Nugent   
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: _November 4, 2013__

---

[1]   28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

-3-